RICHARD SMITH v. ANNIE DE PONTIA *et al.*

### No. 280.

MECHANIC'S LIEN—*Foreclosure—Assignee of Mortgagee not Party—Rights of Purchaser at Sheriff's Sale.* An investment company, which, by the records of the county, appeared to be the owner of a certain real-estage mortgage—which in fact had been delivered by it to S., the purchaser of the note thereby secured, the note being assigned to S. and the mortgage not assigned—contested the right of a party who sought to enforce a mechanic's lien on the mortgaged premises, alleging that it owned the said mortgage and note, and praying that the mortgage be declared the first lien on the property.   The court found the mechanic's lien to be superior to that of the mortgage and ordered the premises sold to satisfy the claim of the lien-holder.   H. pur-

chased the property at the sheriff's sale made in pursuance of such judgment, in good faith and without notice or knowledge of the assignment of the mortgage, receiving a sheriff's deed for the premises. Subsequently S., who had no knowledge of the aforesaid transaction until after the property had been conveyed by the sheriff to H., and who had not authorized the investment company to appear or act for him in respect to the note and mortgage, sought to foreclose the latter, joining H. as a party defendant. *Held*, that a judgment for costs in favor of H. was not erroneous.

Error from Crawford district court; J. S. WEST, judge. Opinion filed September 22, 1898. Affirmed.

*A. D. Neale,* for plaintiff in error.

*Cogswell & Gregg,* for defendants in error.

The opinion of the court was delivered by

MILTON, J.: This was an action by Richard Smith to foreclose a real-estate mortgage executed and delivered to the Howard State Bank by Annie De Pontia, and duly assigned by the bank to the plaintiff. The mortgage was executed by Mrs. De Pontia for herself and as guardian for her minor children, authority to execute the same having been given by the probate court of Crawford county. The mortgage secured a note of $300. Mrs. De Pontia and her children, who were all minors, were made parties to the action. The guardian *ad litem* for the minors answered by a general denial. It was conceded that the plaintiff was entitled to a personal judgment against Mrs. De Pontia. All the defendants made default except F. W. Henry and the minor defendants. Henry's answer averred substantially the following facts: Prior to the institution of the action the defendant Annie De Pontia had made a contract with the Carey-Lombard Lumber Company, whereby it had delivered to her certain lumber and materials for the construction of a

dwelling-house upon the premises described in the mortgage, and had filed a mechanic's lien for such lumber and materials in the office of the clerk of the district court of Crawford county.   The lumber company brought an action to enforce its lien against Mrs. De Pontia and certain subcontractors, and joined the Howard State Bank also as a defendant.   The bank filed an answer averring ownership of the note and mortgage sued on in the present action.   The court found generally in favor of the plaintiffs and against the defendants, decreeing the plaintiff to have a first lien on the real property and ordering the same to be sold to satisfy the judgment in favor of the lumber company. An order of sale was duly issued in that action and the real estate was sold by the sheriff.   Henry purchased the same at the sheriff's sale.   He had no knowledge that the De Pontia note and mortgage had been sold and delivered by the Howard State Bank to the plaintiff, Richard Smith.   The plaintiff's demurrer to this answer having been overruled, he filed a reply averring that the Howard State Bank had no authority to appear for him in the action begun by the lumber company, and that if the bank had so appeared and pleaded, the same was done without the knowledge or authority of the plaintiff, the owner and holder of the note and mortgage.   The reply also specifically denied the authority of Mrs. De Pontia to enter into the alleged contract with the lumber company by which the mechanic's lien had been obtained.

Trial was had on an agreed statement of facts, which, besides admitting substantially all of the averments of Henry's answer, set forth that the latter was in possession of the premises under the sheriff's deed when the present action was commenced; that he purchased the property relying on the record of the

case in which the sale was made and on the records in the office of the register of deeds, and was a *bona fide* purchaser for cash ; that the contract for the building material under which the lien was obtained was made by Mrs. De Pontia without the approval or order of the probate court ; that the improvements were placed upon the home of Mrs. De Pontia and her minor children ; and that while the note sued on herein was assigned in writing to the plaintiff on June 30, 1890, by the Howard State Bank, which guaranteed the payment thereof, the mortgage was not assigned but was merely delivered to the plaintiff.   The court entered judgment in favor of the plaintiff as against Mrs. De Pontia for the amount of the note, and in favor of the defendant Henry as to the real property, foreclosure of the mortgage being refused.

Counsel for plaintiff in error contend that the mechanic's lien, the judgment enforcing the same and the sheriff's deed to F. W. Henry were all invalid, for the reason that Mrs. De Pontia could not bind the estate of her wards by a contract for the erection of permanent improvements upon the land in controversy.   They also contend that the assignment of the promissory note and the delivery of the mortgage to the plaintiff transferred to him all rights under both instruments held by the Howard Investment Company prior to such assignment and delivery, and that the law as it then existed did not require the assignment of a real-estate mortgage to be recorded.   As we view the case, the last contention alone requires consideration.

The note was assigned, not indorsed.   The Howard Investment Company appeared from the record to be the owner of the mortgage.   Any inquiry suggested by the record as to the ownership of the mortgage would

have been made of that company. ' When the latter was made a defendant in the action brought by the lumber company, it answered all inquiries concerning such ownership by averring that it was in fact the owner of the note and mortgage. The defendant Henry was not a party to that action. In purchasing at the sheriff's sale he relied on the records as they existed in the register's office and in that of the clerk of the district court. He purchased in good faith for a valuable consideration. The plaintiff has nowhere alleged fraud on the part of the investment company, nor collusion between any of the parties in that action and the purchaser at the sheriff's sale. The appearance by the investment company and its participation in the litigation in that action which terminated in a judgment declaring the mechanic's lien superior to that of the mortgage had the same effect as if the investment company, asserting the ownership of the mortgage, had released the mortgage by an entry on the margin of the record thereof in the office of the register of deeds, thus bringing the transaction within the doctrine of the case of *Lewis v. Kirk*, 28 Kan. 497, in which the first paragraph of the syllabus reads :

" Where real estate is mortgaged to secure the payment of a negotiable promissory note, a third person may purchase the real estate in good faith, although he may not see the note and mortgage, although he may not pay the full value of the land, and although the mortgagee may not receive the full amount of the face of the note, provided that both mortgagor and mortgagee consent to the transaction, and the mortgagee, prior to the completion of the transaction, regularly releases the mortgage by an entry on the margin of the record of the mortgage in the office of the register of deeds.''

In the action involving the mechanic's lien, the

original mortgagor and mortgagee were parties defendant. No question was therein raised as to the absence of necessary parties or as to the invalidity of the lien. All questions which might have been litigated in that action must be held to have been determined therein so far as the rights of the purchaser of the property involved are concerned, for he purchased in good faith, relying on the records of the county. Under the circumstances, the judgment of the court declaring the mechanic's lien superior to the lien of the mortgage was equivalent to a discharge of the mortgage by the act of the mortgagee with the consent of the mortgagor, and no legal means appear by which the plaintiff can recover the rights which passed from him through that judgment.

It follows from the foregoing that the judgment in the present case was correct, and it will be affirmed.